TRIAD LEGAL

Trevor Riddle
Sal Intagliata
Audra Asher
Attorneys at Law

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 26-cr-10150-JMK |
| DAIVON ATKINSON, | ) | |
| Defendant. | ) | |

**DAIVON ATKINSON'S REQUEST FOR REVIEW OF U.S. DISTRICT MAGISTRATE COURT'S DETENTION ORDER**

COMES NOW the Defendant, Daivon Atkinson, by and through his undersigned counsel, Sal Intagliata of Triad Legal, PLLC, and respectfully requests, pursuant to 18 U.S.C. § 3145(b) and D. Kan. Rule 72.1.4(e), a *de novo* review of the Magistrate Judge's Order of Detention entered on September 21, 2026. Upon independent review of the record and applicable law, Mr. Atkinson prays this Court reverse the order of detention and find that there are reasonable conditions available for Mr. Atkinson's release. In support of such motion, counsel submits the following for the Court's consideration:

**I. Procedural Background**

A duly seated grand jury returned an indictment against Mr. Atkinson on September 10, 2026. That indictment alleged 17 counts centered around an alleged drug trafficking conspiracy. Of those, only Count I is alleged against Mr. Atkinson.

## II. Standard of Review

When a person is ordered detained by a magistrate judge, that person may file a motion for revocation or amendment of the detention order with the court having original jurisdiction over the offense. 18 U.S.C. §3145(b). A district court reviews a magistrate's decision regarding detention *de novo*. *United States v Cisneros,* 328 F.3d 610, 616 (10th Cir. 2003). When making its *de novo* review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence. *Id.* at 617. Should the Court need additional evidence, it can conduct its own evidentiary hearing.

## III. Argument and Authority

Because all who are accused of a crime are innocent unless proven guilty, pretrial release should be denied only in "rare circumstances." *United States v Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). "In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Nothing about Mr. Atkinson's case is exceptional, and certainly nothing so rare or alarming that it justifies the denial of bond, especially considering the very limited extent that Mr. Atkinson is alleged to have been involved in the alleged crimes.

A defendant ordered detained by a magistrate judge may move the district court having original jurisdiction over the offense "for revocation or amendment of the order." 18 U.S.C. § 3145(b). The statute directs that the motion "shall be determined promptly." *Id.* Unlike a request to reopen a detention hearing before the original judicial officer under § 3142(f), review under § 3145(b) is not conditioned upon the discovery of new or previously unavailable information. *See United States v. Cisneros*, 328 F.3d 610, 614–15 (10th Cir. 2003).

A district court reviews a magistrate judge's detention determination *de novo*. *Cisneros*, 328 F.3d at 616 n.1; *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *United States v. Burks*, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001). *De novo* review requires an independent determination of whether detention is warranted under the Bail Reform Act; the district court does not simply determine whether the U.S. District Magistrate Court committed clear error or abused discretion. See *Lutz*, 207 F. Supp. 2d at 1251.

The issue before this Court is not whether the U.S. District Magistrate Court could reasonably have reached the conclusion reflected in the detention order. The issue is whether, after independently considering the record and applying the governing statutory burdens, this Court finds that the government has established that no condition or combination of conditions will reasonably assure Mr. Atkinson's appearance and the safety of any other person and the community.

In performing that review, the Court may rely upon the record developed before the U.S. District Magistrate Court and may also receive additional evidence. *Cisneros*, 328 F.3d at 615–17; *Lutz*, 207 F. Supp. 2d at 1251. A second evidentiary hearing is therefore not an indispensable component of *de novo* review, but neither is this Court confined to the evidence or factual presentation made at the original detention hearing. See *Lutz*, 207 F. Supp. 2d at 1251.

Under the Bail Reform Act, release is *required* unless the government proves and the Court finds that no condition or combination of conditions will reasonably assure either (i) the appearance of the person as required, a showing the government must make by a preponderance of the evidence," or (ii) "the safety of any other person and the community," a showing the government must make by "clear and convincing evidence" 18 U.S.C. §3142(b)(e)(1), (f); *United State v Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). Though there is a presumption calling for

detention under 18 U.S.C. §3142(f)(1), the U.S. District Magistrate Court found it had been rebutted. The conditions of release need only reasonably assure the defendant's appearance and community safety; they need not guarantee those outcomes. *United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir. 1985) (en banc).

18 U.S.C. §3142(g) requires the Court to consider the available information concerning four categories:

1. the nature and circumstances of the offense charged, including whether the offense involves a crime of violence, a controlled substance, firearm, explosive, destructive device, terrorism, or a minor victim;
2. the weight of the evidence against the defendant;
3. the defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence, community ties, past conduct, substance-use history, criminal history, record of court appearances, and whether the defendant was on supervision or other release when the alleged offense occurred; and
4. the nature and seriousness of the danger to any person or the community that would be posed by release.

When the factors of 18 U.S.C. §3142(g) are applied to the particular evidence concerning Mr. Atkinson, rather than to generalized assumptions arising from the charged offense, the record supports release under appropriately tailored conditions.

When analyzing the first factor, the nature and circumstances of the offense charged, despite the lengthy indictment, the only crime alleged against Mr. Atkinson is Count I, Drug Conspiracy Resulting in Serious Bodily Injury. It is important to note that Mr. Atkinson was not

alleged to have used any firearms, possessed any firearms, distributed any substances, or secured any locations for those alleged activities. In fact, a *prima facia* reading of the Indictment fails to identify any specific actions taken by Mr. Atkinson. Rather, it alleges general participation in the alleged conspiracy.

In addition, it is undisputed that Mr. Atkinson was not present when "serious bodily injury" resulted from the drug conspiracy, nor was he one of the individuals who allegedly dealt drugs that allegedly caused the "serious bodily injury." It appears from the government's statements at the detention hearing before the U.S. District Magistrate Court that Mr. Atkinson is alleged to have set up a deal between an undercover officer and a confidential informant on July 15, 2026. The alleged illegal drug transaction in question which allegedly led to "serious bodily injury" happened on August 5, 2026. It is undisputed that Mr. Atkinson was not present at that alleged transaction, and it is undisputed that Mr. Atkinson was not present when the "serious bodily injury" took place two days later on August 7, 2026.

Analysis of the second factor, weight of the evidence, also falls in Mr. Atkinson's favor. Mr. Atkinson is alleged to be a minor participant in a larger conspiracy. Even if the government could produce undeniable evidence to support its claim, that claim is still only an ambiguous role in a conspiracy. None of the alleged overt actions, such as possession of a firearm, transfer of a firearm, actual distribution of the drugs, or provision of the location for such activities can be attributed to Mr. Atkinson.

Moreover, factors (g)(2), weight of the evidence, is statutorily weighted against Mr. Atkinson and in favor of detention with an intentionally narrow window for rebuttal. Mr. Atkinson does not have the benefit of having reviewed the discovery to support his position that at most, he is a minor participant in a larger conspiracy. Counsel has not yet received discovery in Mr.

Atkinson's case. Counsel is therefore unable to review the discovery. The weight of the evidence against Mr. Atkinson cannot be competently argued on such a truncated timeframe. This creates a confirmation bias against Mr. Atkinson and allows the evidence proffered by the government to appear weightier and more meaningful than it is.

The third factor, individual characteristics, should also be resolved in Mr. Atkinson's favor, especially in light of the substance abuse evaluation completed by the Substance Abuse Center of Kansas, Inc. (SACK), and attached here as Exhibit A. In that evaluation, Mr. Atkinson reveals that he has been using alcohol and illegal substances since age 12. He also reveals that following a car accident in 2014, he began experiencing seizures and has been engaging in substance abuse in part as self-medication for the lasting impacts of that accident. Despite that history, however, Mr. Atkinson has never had the opportunity to participate in a substance abuse treatment program. The evaluation concluded that Level 3.3 Inpatient Treatment was appropriate for Mr. Atkinson and a referral was made to Mirror locations in Wichita, Newton, and Topeka, and New Chance in Dodge City. However, an intake cannot be scheduled due to his current incarceration. Mr. Atkinson should be released on bail so that he can take advantage of the inpatient program that is finally available to him. This program, combined with the services available through pretrial release, will not only ensure community safety in the short term through inpatient treatment, but also long term by providing the treatment and structure that Mr. Atkinson needs to become a healthy, contributing member of society. Counsel communicated by email directly with the evaluator, Ms. Jennifer Romano at SACK, and SACK stands ready to assist in getting a bed for Mr. Atkinson's participation in inpatient treatment.

In addition, Mr. Atkinson is working to gain residency at the Union Mission Men's Shelter on 21st and Hillside. Mr. Atkinson met with a representative of the National Alliance of Mental

Illness recently. He was given information for the Wichta Research Education Foundation for Mental Health on Central and Hillside. It is counsel's understanding that Mr. Atkinson can attend classes there on the third Tuesday of every month at 6:00 p.m. He can also follow up with

The fourth factor, nature and seriousness of the danger to any person or the community posed by release is now clearly resolved in Mr. Atkinson's favor. His alleged involvement in the conspiracy is minor as evidenced by the Indictment, and it does not include any involvement with firearms or the distribution of illegal substances. Mr. Atkinson's ability to participate in the inpatient treatment available through Mirrors or New Chance will have a far greater impact on community safety than his continued incarceration, both in the short term and the long term.

## I.V. Conclusion

Pretrial detention is not justified merely because Mr. Atkinson faces a serious allegation or because release necessarily entails some measure of risk. The Bail Reform Act requires a more exacting determination: whether the government has established, under the applicable burden of proof, that no condition or combination of conditions will reasonably assure Mr. Atkinson's appearance and the safety of any other person and the community. Though there is a presumption calling for detention under 18 U.S.C. §3142(f)(1), the U.S. District Magistrate Court found it had been rebutted but then found that the four factors under 18 U.S.C. §3142(g)(1)-(4) ultimately weighed in favor of detention.

This Court's review is *de novo*. The Court must independently evaluate the statutory prerequisites for detention, the government's evidence, the § 3142(g) factors, the initial presumption for detention under 18 U.S.C. §3142(f)(1), Mr. Atkinson's individualized

circumstances, and the conditions available under § 3142(c). Where enforceable conditions can reasonably address the identified risks, the Act requires conditional release rather than detention.

For these reasons, Mr. Atkinson respectfully requests that this Court conduct a *de novo* review of the U.S. District Magistrate Court's detention order pursuant to 18 U.S.C. § 3145(b), and following that review, revoke or amend the detention order to release Mr. Atkinson. Counsel for Mr. Atkinson requests oral argument on this motion.

TRIAD LEGAL, PLLC

/s/ Sal Intagliata
By: SAL INTAGLIATA, #17217
200 N. Broadway Ave., Ste. 300
Wichita, KS 67202
316-669-5030
sal@triad.legal
*Attorney for Defendant, S. Atkinson*

**CERTIFICATE OF SERVICE**

I hereby certify that on the **October 5, 2026,** I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Katherine Andrusak, *Assistant United States Attorney*

I further certify that on the **October 5, 2026**, the forgoing document was served on the following Non-Electronic Filing Recipients as follows:

Daivon Atkinson US Mail

/s/ Sal Intagliata, #17217
SAL INTAGLIATA, #17217