# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CASE NO. 26-cr-10150-JMK**

**DAIVON ATKINSON,**

**Defendant.**

---

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR REVIEW**

---

COMES NOW the United States of America, by and through its attorneys, Kathrine J. Andrusak and Christin D. Smith, and submits its response to Defendant's Motion for Review and request for release. The United States respectfully requests that the Court deny Defendant's request for release for the reasons provided below.

**I. Factual Background and Procedural History**

On July 16, 2025, a confidential informant made contact with the Defendant, Davion Atkinson. Mr. Atkinson offered to sell fentanyl to the confidential informant. He indicated that he was selling out of a room at the Paradise Inn on South Broadway in Wichita, KS. The confidential informant and Mr. Atkinson agree to a deal for two ounces of fentanyl. The confidential informant and undercover officer went to the Paradise Inn. Mr. Atkinson opened the door to room 102 and let them in. He tells them that he needs to secure the drugs. He calls his supplier who is at the Blue Way Inn. Mr. Atkinson gets into a car and the undercover and

confidential informant followed him to the Blue Way Inn on East Kellog Drive. Mr. Atkinson went to a room on the second floor that is occupied by Lafayette Washington. He came back to get the money and the confidential informant. Together, they go to a room on the second floor. The drugs are weighed out and the money is exchanged by the confidential informant. The drugs sold were confirmed to be 48 grams of fentanyl.

In connection with the drug trafficking conspiracy the evidence demonstrates Mr. Atkinson was involved with, a two-year-old child was found on August 7, 2026, unresponsive. Emergency medical services were called to 111 East Shadyside in Wichita, KS. The child was narcaned twice and rushed to the hospital. In the house were found multiple chunks of a pink substance that tested positive for fentanyl, ultimately testing to be 708.98 grams of fentanyl.

## II. Legal Standard

In determining whether conditions or combinations of conditions can be set that will reasonably assure the safety of another person and the community or will reasonably assure the defendant's attendance at trial, The Bail Reform Act codified in 18 United States Code § 3142 applies. In Mr. Atkinson's case, there is a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A) as Count One alleges an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Government asserts that Mr. Atkinson cannot rebut the presumption of detention. However, in the event the Court does find that Mr. Atkinson has met the rebuttable presumption of detention, the Government will still discuss the factors to be considered under 18 U.S.C. § 3142(g). The Government has the burden to establish by clear and convincing evidence that no condition or combination of conditions will reasonably ensure the safety of any other person and the community. 18 U.S.C. § 3142(f). Additionally, the Government has the burden to establish by a

preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's attendance at trial. 18 U.S.C. § 3142(f); *United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2003).

## III. Argument and Analysis

The Government will now discuss in turn each of the factors listed in 18 U.S.C. 3142(g).

### a. 18 U.S.C. § 3142(g)(1): The Nature and Circumstance of the Offenses Charged.

The nature and circumstance of the offense charged weighs in favor of detention. The alleged offense involves a drug conspiracy that resulted in serious bodily injury to a two-year-old child. Drug offenses are specifically identified by the Legislature as offenses which the Court is to specifically consider. Drug offenses are dangerous as evidenced by the crime alleged—resulting in injury to individuals or even death. The dangerous nature of these offenses cannot be overstated. As seen in this case, this offense resulted in a child being harmed, experiencing serious bodily injury which will impact the child for the rest of the child's life. Because of the dangerousness of drug offenses and how drug trafficking perpetuates the cycle of addiction and death, the nature and circumstances of the offense charged weighs in favor of detention.

### b. 18 U.S.C. § 3142(g)(2): The Weight of the Evidence Against Mr. Atkinson.

The weight of the evidence against Mr. Atkinson is strong and weighs in favor of detention. The Grand Jury has found that there is probable cause to believe Mr. Atkinson committed the crime alleged in the Indictment. Because of this, this factor weighs in favor of detention.

### c. 18 U.S.C. § 3142(g)(3): The History and Characteristics of Mr. Atkinson.

Mr. Atkinson's history and characteristics weigh in favor of detention. He does not have strong family ties to the District of Kansas. His family lives in North Carolina. He says that he has lived in the District of Kansas for eleven years. However, his release plan in the bond report is untenable. Returning to a hotel room at The Trail Motel is not a stable release plan and is not suitable for supervised release. In the Motion, he discusses a release to inpatient treatment. However, there is not currently a bed date for this program. Additionally, he discusses gaining residency at the Union Mission Men's Shelter; however, there is not any indication as to whether he has been able to gain that residency. This release plan is unstable as well, as it is unclear if he has a place in either release plan proposed.

Additionally, Mr. Atkinson does not have a stable employment plan in place. He had worked at a temporary job agency and "under the table" according to the bond report. The Government is concerned that if released, he will not have stable employment in place and could continue the drug trafficking actions as alleged in the Indictment.

Considering now Mr. Atkinson's criminal history, this demonstrates that he is a flight risk and he fails to follow the conditions of supervision whether it be bond, pretrial services, or probation. As a juvenile, Mr. Atkinson had eight separate cases where his probation was terminated unsuccessfully. He has as active warrant out of Gwinnett County, Georgia, likely the result of his failure to appear for his traffic case. In his 2016 Sedgwick County case for felony flee and elude, he has four probation violations ultimately resulting in his probation being revoked and him serving his underlying sentence. In these probation violations, he is alleged to have committed new offenses while on probation. In his 2017 Sedgwick County case for criminal use of weapons, he had two probation violations, resulting in his probation being revoked and him serving his underlying sentence. In his 2021 Sedgwick County case for driving

while suspended, he had two probation violations ultimately resulting in his probation being revoked. In his 2021 Sedgwick County case for flee and elude (his second conviction for flee and elude) he violated pretrial conditions and had a probation violation. His probation was revoked and he was ordered to serve his underlying sentence. While in KDOC on this case, Mr. Atkinson also received three disciplinary reports for violating statutes, interfering with official duties, and misuse of state property. While on pretrial, he also violated the no contact order with the victim the day he was released on bond. In his 2021 case for interference with law enforcement and domestic battery, he violated pretrial conditions resulting in his bond revoked. Additionally, he had parole violations. He has two failures to appear for his City of Wichita 2024 assault case. He has two failures to appear for a 2024 violation of protection order case. He has a failure to appear for his 2025 City of Wichita possession of drug paraphernalia case.

Mr. Atkinson's criminal history and characteristics demonstrate that he struggles to follow lawful orders. He flees from police, he interferes with law enforcement, he has violent behavior—domestic battery and assault. He does not follow conditions of probation and has had numerous probations revoked. He violated pretrial conditions. He violated no contact orders. He violated parole. His actions demonstrate that he does not submit to lawful authority nor to the orders of the courts. His past behavior demonstrates that he would not follow the bond conditions imposed by this Court if released on bond. Because of this, Mr. Atkison's history and characteristics weigh in favor of detention.

**d. 18 U.S.C. § 3142(g)(4): The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by Mr. Atkinson's Release.**

Mr. Atkinson's criminal history demonstrates the nature and seriousness of the danger to any person or the community if he were released on bond. His history shows that he does not

follow conditions of probation or bond and continually committed additional criminal offenses. There is a high likelihood that if released on bond, Mr. Atkinson would continue the alleged criminal behavior in order to support himself. He does not have a stable release plan. The plans proposed do not ensure that he has a bed or place in either plan. He also does not have a stable employment situation. How will Mr. Atkinson pay for stable living or provide for himself? The lack of a plan makes it highly likely that he could turn to the alleged criminal behavior in order to provide for himself.

Because of this, Mr. Atkinson poses a danger to the community and this factor weighs in favor of detention.

## IV. Conclusion

All of the factors under 18 United States Code Section 3142(g) weigh in favor of detention, demonstrating that Mr. Atkinson is a risk of non-appearance and a danger to the community. Because of this, the Government requests that the Court deny the Defendant's Motion and does not reverse the Magistrate Court's order of detention.

Respectfully submitted,

RYAN A. KRIEGSHAUSER
United States Attorney

/s/ *Katherine J. Andrusak*
KATHERINE J. ANDRUSAK,
Assistant United States Attorney
United States Attorney's Office
301 N. Main, Suite 1200
Wichita, Kansas 67202
316-269-6481
katie.andrusak@usdoj.gov
Ks. S. Ct. No. 25961

/s/ *Christin D. Smith*
CHRISTIN D. SMITH,
Assistant United States Attorney
United States Attorney's Office
301 N. Main, Suite 1200
Wichita, Kansas 67202
316-269-6481
christin.smith@usdoj.gov
Ks. S. Ct. No. 30357

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of October, 2026, I electronically filed the foregoing Disclosure with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Christin D. Smith*
CHRISTIN D. SMITH
Assistant United States Attorney